UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PALETI VENIALE,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. 2:25-cv-01747-DGE-DWC

ORDER DECLINING TO SERVE

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Paleti Veniale, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkts. 5, 9. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by **November 17, 2025**, to cure the deficiencies identified herein.

## I.  Background

Plaintiff, a pretrial detainee housed at King County Jail, alleges that his rights were violated when he was detained at Monroe Correctional Center ("MCC") for fifteen days. Dkt. 9 at 6–7. After a hearing at MCC, all of Plaintiff's alleged violations were dismissed. *Id.* at 7. And when he was released from MCC, he was missing $900 that he had when he was processed there. *Id.*

Based on these allegations, Plaintiff claims that he was falsely imprisoned and suffered a loss of property.

## II.  Discussion

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

*Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

### A. Improper Defendants

In the Complaint, Plaintiff sues Defendants Washington State Department of Corrections ("WSDOC"), Department of Corrections West Seattle ("DOCWS"), and MCC. Dkt. 9 at 4. While the Complaint is unclear, it appears Plaintiff is also suing unnamed correctional officers. *Id.* Plaintiff cannot raise claims under § 1983 against these Defendants.

First, Plaintiff cannot sue Defendants WSDOC and DOCWS because the Supreme Court held in *Will v. Michigan Department of State Police*, that "[s]tates and governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" subject to suit under § 1983. 491 U.S. 58, 70 (1989). Second, Plaintiff cannot sue MCC because § 1983 only authorizes suits against a "person" acting under the color of state law. 42 U.S.C. § 1983. As

a result, courts routinely hold that jails and prisons, such as MCC, are not persons who can be sued under § 1983. *See Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (holding that California Adult Authority and San Quentin State Prison were not "persons" subject to suit under § 1983). And to the extent Plaintiff is attempting to sue any unnamed correctional officers, he fails because there are no allegations in the Complaint explaining how they violated his rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that a Defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the [D]efendant.").

Therefore, if Plaintiff wishes to pursue this § 1983 action, he must provide an amended pleading that names only individual Defendants and explain what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

B.   Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original

complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

### III.   Conclusion

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before **November 17, 2025**, the undersigned will recommend dismissal of this action.

Finally, the Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 15th day of October, 2025.

David W. Christel
United States Magistrate Judge